UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SHANNON SHEEHAN, | Case No.: 3:24-cv-01628-W-AHG |
|---|---|
| Plaintiff, | **ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE** |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant. | **[ECF No. 15]** |

Before the Court is the parties' joint motion to continue the Early Neutral Evaluation Conference ("ENE") currently scheduled for December 9, 2024. ECF No. 15.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 5 at 6–7 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties represent to the Court that Plaintiff has a mandatory work training on the same date and time as the ENE. ECF No. 15 at 2. Plaintiff was notified of this training on December 4, 2024, and the training cannot be rescheduled. *Id*. "Plaintiff understands that she is an integral party to the case and any settlement discussions, and wishes to adequately resolve this case at the earliest opportunity[,]" and therefore the parties request that the ENE be continued. *Id*. The parties explain that, while Plaintiff is available on December 18—a date provided by court staff that is presently available on Judge Goddard's calendar—Defendant's representative is not available on that date due to an ENE before another Magistrate Judge in this district. *Id*. at 2–3.

The Court appreciates the parties' thorough motion and that the parties are working together, and finds good cause to **GRANT** the joint motion. The Court **ORDERS** as follows:

1. The ENE set for December 9, 2024 at 9:30 a.m. is **RESET** for **January 23, 2025** at **2:00 p.m.** *via videoconference* before Magistrate Judge Allison H. Goddard. In accordance with the Local Rules, the Court requires attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference. CivLR 16.1(c)(1).

2. The Court is cognizant that the parties' Confidential ENE Statements were due on November 20, 2025. *See* ECF No. 5. However, with the delay in holding the ENE, the Court orders the following:

    A. Counsel for the parties must meet and confer *again* regarding settlement in person, via videoconference, or by phone by **January 13, 2025**.

    B. The parties must submit Supplemental Confidential ENE Statements to the Court via email (not filed) (to efile_goddard@casd.uscourts.gov) by **January 16, 2025**. These statements shall not be filed or served on opposing counsel. The Updated ENE Statement is limited to **five (5) pages or less. There is not a page limit on exhibits.**

        i. The Court may use GenAI tools to review the information that the parties submit. Either party may object to the Court's use of

such tools by advising the Court's law clerk of that objection when they submit the information. The Court will respect that objection without any further explanation, and the Court's law clerk will only communicate to Judge Goddard that there was an objection, not which party made the objection.

C. No later than **January 16, 2025**, counsel for each party shall send an updated e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

  i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

  ii. An **e-mail address for each participant** to receive the Zoom video conference invitation;

  iii. A **telephone number where each participant** may be reached; and

  iv. A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

3. All of the procedures and attendance requirements set forth in the Court's original Order Setting ENE (ECF No. 5) **remain unchanged**.

**IT IS SO ORDERED.**

Dated: December 5, 2024

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge