UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SHEEHAN,<br><br>                              Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY and DOES 1–10,<br><br>                              Defendants. | Case No.: 24-CV-1628 W (AHG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DOC. 8] AND DECLINING TO RULE ON PLAINTIFF'S MOTION TO AMEND [DOC. 12]** |

      Plaintiff Shannon Sheehan seeks to remand this lawsuit back to the San Diego Superior Court.  Defendant Ford Motor Company opposes.

      The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons discussed below, the Court **GRANTS** the motion [Doc. 8], **DECLINES** to rule on the motion to amend the Complaint [Doc. 12], and **ORDERS** the case remanded to the San Diego Superior Court.

**I.     BACKGROUND**

      This lawsuit arises from several alleged defects with a 2021 Ford Bronco ("Subject Vehicle").  (*Complaint* [Doc. 1] at 2, ¶¶ 4–10.)  Ms. Sheehan alleges that Ford has been unable or has refused to repair the vehicle under applicable express and implied

warranties. (*Id.* at 3, ¶ 12.)  Therefore, she brought suit under California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") in the San Diego Superior Court. (*Id.* at ¶¶ 12–20).  Ms. Sheehan asserts that, under the Act, her remedies include: (1) the right to revoke her acceptance of the vehicle; (2) to be reimbursed the purchase price less amounts directly attributable to her use of the vehicle prior to discovering its nonconformities; (3) incidental, consequential, and general damages resulting from Ford's failure to comply with its obligations under the Act; (4) reasonable costs, expenses, and attorney's fees; (5) a civil penalty of up to two-times the amount of actual damages "in that the defendant has willfully failed to comply with its responsibilities under the Act"; (6) prejudgment interest; and (7) such other relief the Court deems appropriate. (*Id.* at 3–4, ¶¶ 15–20).

On August 15, 2024, Ford removed this suit to the Southern District of California based on diversity jurisdiction. (*Notice of Removal* [Doc. 1] at 1); 28 U.S.C. § 1332. Ford asserts that Ms. Sheehan is a California citizen, and that Ford is a citizen of Michigan and Delaware. (*Id.* at 8–9, ¶¶ 29–31.) Ford also asserts that, based on the alleged damages, the civil penalty allowed under the Song-Beverly Act, and other costs and fees, the amount in controversy will exceed $75,000.  Therefore, Ford maintains that removal is proper.  In response, Ms. Sheehan has moved to remand the case back to the San Diego Superior Court [Doc. 8].  Ford has opposed the motion [Doc. 11].

**II.    LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).  Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*,

980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Diversity jurisdiction requires complete diversity of citizenship between the parties and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" in order for a case to be removable. 28 U.S.C. § 1332(a)(1). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Thus, when a defendant removes the case to federal court, "the defendant's amount-in-controversy should be accepted when not contested by the plaintiff." *Id.* at 87.

Once a plaintiff challenges a defendant's allegations of removal jurisdiction, "[r]emoval . . . is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 88 (internal citations omitted). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy" requirement is satisfied. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

## III. DISCUSSION

Ms. Sheehan does not contest that the parties are completely diverse. Therefore, the only issue is whether the amount-in-controversy has been satisfied. The Complaint does not specify a damage figure. As the removing party, Ford bears the burden of establishing, by a preponderance of the evidence, the amount-in-controversy exceeds $75,000. *See Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 978 (9th Cir.

2013) ("The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met.").

To show that the amount-in-controversy has been satisfied, Ford points to: (1) the vehicle's purchase price ($35,221.07) less a mileage offset of $1,047.39 ($34,173.68); (2) the Song-Beverly Act civil penalty of up to twice the amount of actual damages; and (3) reasonable attorney's fees. (*Notice of Removal* [Doc. 1] ¶¶ 17–20, 22–23.) Ford argues that the civil penalty could amount to $68,347.36 (two times Ford's estimate of actual damages), and that amount plus both actual damages and attorney's fees should well exceed the jurisdictional minimum.

In response, Ms. Sheehan does not provide her own estimate of actual damages. However, Ms. Sheehan argues that Ford has failed to meet the amount-in-controversy requirement for two reasons. First, she argues that the civil penalty is speculative, and that Ford has failed to demonstrate that it is warranted in this case. (*Mtn. to Remand* at 11: 1–13.) Second, she argues that attorney's fees should not be taken into account when calculating the amount-in-controversy. (*Id.* at 12: 9–28.) Each argument will be discussed in turn.

### A. THE SONG-BEVERLY ACT CIVIL PENALTY

Ms. Sheehan first argues that Song-Beverly's civil penalty is speculative, and Ford has failed to demonstrate that it would be justified in this case. In response, Ford argues that courts in this Circuit routinely permit civil penalties to be considered when evaluating the amount-in-controversy. (*Opp'n* at 7: 7–13.) Courts in this Circuit are split as to whether civil penalties, however speculative, are properly included in the amount-in-controversy. *See Savall v. FCA US LLC*, No. 21CV195 JM (KSC), 2021 WL 1661051, at *2 (S.D. Cal. Apr. 28, 2021) (citing cases).

Although the courts are split, "the defendant must make some effort to justify [the civil penalty] by, for example, pointing to allegations in the Complaint suggesting that such an award would be appropriate." *Ronquillo v. BMW of N. Am., LLC*, No. 3:20-CV-

1413-W-WVG, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020). That is not to say that civil penalties cannot be *considered* when calculating the amount-in-controversy. *See Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902–03 (S.D. Cal. Nov. 4, 2021). However, where the amount is speculative, the defendant bears the burden of demonstrating the penalty is justified with allegations in the complaint, calculations, similar cases, and other evidentiary exhibits. *See Zeto v. BMW of N. Am., LLC*, No. 20-CV-1380-GPC-KSC, 2020 WL 6708061 (S.D. Cal. Nov. 16, 2020) (using the civil penalty to calculate the amount-in-controversy but pointed out that the defendant "submitted a detailed breakdown of how the civil penalties were calculated, backed up by passages from the complaint and other evidentiary exhibits."); *Zawaideh v. BMW of N. Am., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *3 (S.D. Cal. Apr.17, 2018).

This scrutiny is consistent with the general principle that federal courts are courts of limited jurisdiction and that "[a]ny doubts regarding removal jurisdiction are construed against removal and in favor of remanding the case to state court." *Norris v. AstraZeneca Pharms. LP*, No. 12CV0836 JM BLM, 2012 WL 1944760, at *1 (S.D. Cal. May 30, 2012) (citing *Gaus*, 980 F.2d at 566); *Castillo v. FCA USA, LLC*, No. 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (internal citations omitted) ("Simply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied.").

Ford has not provided sufficient evidence to demonstrate the civil penalty is justified. In their Notice of Removal, Ford states: "The Song-Beverly Act allows a civil penalty of up to twice the amount of actual damages . . . . Plaintiff seeks the maximum possible amount . . . . That maximum amount is therefore properly included in the amount-in-controversy." (*Notice of Removal* at 5, ¶ 19.) While Ms. Sheehan might have requested the full amount of the civil penalty in the Complaint, that does not automatically justify its inclusion when calculating the amount-in-controversy. Rather,

the defendant, as the removing party, has the burden of establishing that the amount-in-controversy is satisfied. *See Dart*, 574 U.S. at 88–89.

In their Opposition, Ford points to Ms. Sheehan's claims that Ford's conduct was "intentional" and "willful." *See* (*Opp'n* at 8: 1–7.) While this is certainly closer to satisfying their burden, Ford has not shown how much of a civil penalty similar cases with "intentional" or "willful" conduct receive. *See Pennon v. Subaru of Am., Inc.*, No. 2:22-CV-03015-SB-RAO, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) ("Defendant relies entirely on a conclusory allegation in the complaint that Defendant [has acted willfully]."). Additionally, Ford has not cited analogous cases, jury verdicts, or other evidence suggesting how much of a civil penalty would be warranted based on similar facts.

Given this uncertainty, Ford's assertion that the "maximum amount is [] properly included . . . ." appears unreasonable. *See Ibarra v. Manheim Invest. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."). All of this is taken against "[t]he strong presumption against removal jurisdiction . . . ." *Gaus*, 980 F.2d at 566–67. Therefore, the Court finds that Ford has failed to justify including the civil penalty as part of the amount-in-controversy.

B. **ATTORNEY'S FEES**

Ford also argues that attorney's fees should be considered in calculating the amount-in-controversy. (*Opp'n* at 8.) The Ninth Circuit has held that "a court must include future attorney's fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Where attorney's fees are "unascertainable on the face of the complaint, [they] can be calculated by looking to . . . similar cases." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (citations omitted).

1  Ford estimates that the attorney's fees "will be in excess of $20,000," citing various
2  other Song-Beverly Act attorney's fees awards. (*Opp'n* at 9: 9–21.)  For example, Ford
3  cites *Ahmed v. Jaguar Land Rover N. Am., LLC*, No. 22CV0142 DMS (WVG), 2023 WL
4  3961715, at *3 (S.D. Cal. June 12, 2023) (awarding $45,912.50 in attorney's fees after
5  plaintiff brought a Song-Beverly Act claim on a $99,684.25 vehicle); *Pappas v. Ford
6  Motor Co.*, No. 321CV00584BENKSC, 2021 WL 5810661, at *6 (S.D. Cal. Dec. 7, 2021)
7  (awarding $21,660 in attorney's fees); and *Tapia v. Ford Motor Co.*, No. 20-CV-1510-W-
8  MSB, 2021 WL 5863597, at *2–3 (S.D. Cal. Oct. 19, 2021) (awarding $22,828.00 in fees
9  after plaintiff sought $44,399.39 in damages).

10  Ford also points out that "Plaintiff's counsel did not include an estimate for future
11  fees and expenses for this matter." (*Opp'n* at 9: 4–5.)  Accordingly, the Court is persuaded
12  by Ford's reliance on similar cases and finds that attorney's fees in the amount of $20,000
13  are appropriate in calculating the amount-in-controversy. *See Fisher v. Ford Motor Co.*,
14  No. 22-CV-339-W-AHG, 2022 WL 2181804, at *4 (S.D. Cal. June 16, 2022).

### C. TOTAL AMOUNT IN CONTROVERSY

As discussed above, the amount-in-controversy will include estimated actual damages, $34,173.68, and $20,000 in estimated attorney's fees.  The amount-in-controversy will not include the Song-Beverly Act's civil penalty because Ford has failed to adequately justify its inclusion.  Taking the estimated actual damages and attorney's fees together nets $54,173.68, short of the jurisdictional minimum required under this Court's diversity jurisdiction.  Because diversity jurisdiction is not satisfied, the Court will grant Ms. Sheehan's motion to remand.

### IV. CONCLUSION

Because Ford has not established the amount-in-controversy exceeds $75,000. The Court **GRANTS** Ms. Sheehan's motion [Doc. 8] and **DECLINES** to rule on the motion to

amend [Doc. 12]. The Court **ORDERS** the case remanded to the San Diego Superior Court.

**IT IS SO ORDERED.**

Dated: January 29, 2025

Hon. Thomas J. Whelan
United States District Judge